My name is Andrew Compton, and I'm a recent graduate of the University of Arizona College of Law, and I'm appearing alongside my co-counsel and fellow recent graduate, David Potts, on behalf of Appellant Eddie Yokeno, as part of the University of Arizona's Pro Bono Appellate Project, supervised by Dean Jordan Curtis. Counsel, can I stop you there? On the day sheet, it shows the name Willie Jordan Curtis. May I ask who that is? She is the supervisor of the Pro Bono Appellate Project, seated with us at… Oh, very well. Very well. Okay. Myself and David Potts are recent graduates of the University College of Law, but have continued through with this case past graduation. Very well. And your name again? I'm sorry. Andrew Compton. Tompkins? Compton, as in… Compton. All right. Very well. …in California. Sure. Okay. Okay. Thank you very much, Mr. Compton. You may proceed. I'm going to ask the deputy clerk, please, to reset the clock, because I was taking up some of your time on administrative matters here. Thank you. Go ahead, Mr. Compton. Today, we ask this court to vacate the District Court of Guam's grant of summary judgment, and we do so for one simple reason. The District Court of Guam lacked subject matter jurisdiction to hear this case. To understand why the District Court of Guam lacked subject matter jurisdiction in this case, I will cover two points. First, the District Court of Guam, through the Organic Act of Guam, has the same diversity jurisdiction as that of Article III courts. Because Article III courts do not have the ability to exercise diversity jurisdiction in cases between noncitizens, likewise, the District Court of Guam is precluded from exercising diversity jurisdiction in such cases. Isn't that the end of the matter? If the Organic Act doesn't allow it, aren't we done? That's our position, Your Honor, that the Organic Act of Guam provides specifically that the District Court of Guam shall have the jurisdiction of a district court of the United States, including but not limited to the diversity jurisdiction provided for in 28 U.S.C. 1332, and that of a bankruptcy court. Thus, we contend that by the clear, unambiguous terms of the Organic Act of Guam, the District Court of Guam has been given the same diversity jurisdiction as that exercised by Article III courts under 28 U.S.C. 1332. In essence, Congress created a uniform system of diversity jurisdiction in the federal courts, both in Article III courts and in Article IV courts. The same language used to grant diversity jurisdiction to the District Court of Guam has been used to grant diversity jurisdiction to the Northern Mariana Islands and the Virgin Islands, the only other Article IV courts in the federal system. Thus, Congress created this uniform system of diversity jurisdiction. Scalia. Well, if we — if the current law were in effect, that might very well be the end of the case. But what about the provision that's at issue in this case, the deeming clause? Yes. Your Honor, the 1988 amendments, the deeming provision which you referred to, did not give Article III courts the ability to exercise diversity jurisdiction in cases between noncitizens. In 1988, Congress passed the Judicial Improvements and Access to Justice Act, which amended the diversity jurisdiction statute. And the provision you referenced provides that an alien admitted to the United States for permanent residence shall be deemed a citizen of the state in which such alien is domiciled. The purpose of this provision, which we have called the permanent resident alien provision, was to eliminate a troublesome phenomenon known as a suit between neighbors, a situation which is inapplicable in the case before this Court. But on its face — and this is the argument of your opponent, we'll hear from him in due course — but on its face, isn't it arguable that that trumps the alien issue? Well, Your Honor, this — the permanent resident alien provision, read literally, would give the district courts jurisdiction over a case where a permanent resident alien is merely deemed a citizen and could proceed against a noncitizen. However, the courts that confronted this issue, including — the overwhelming majority of the courts that confronted this issue, including the D.C. Circuit and every district court within this circuit to consider the issue, has recognized that allowing two noncitizens to proceed against each other in federal court based on diversity jurisdiction would pose serious constitutional concerns. Well, is it your argument that we have to make a constitutional determination here, or can we resolve this case on the statutory language alone? Your Honor, we argue that the legislative history argument is an independent basis on which this Court can make its decision. If this Court finds that the legislative intent of the permanent resident alien provision is manifestly at odds with the result that a literal reading would give us, then this Court could look to the legislative history in order to interpret the statute in a way that honors the intent of its drafters. But on the constitutional issue, if this Court finds that Article III courts do not have jurisdiction over cases between noncitizens, in spite of the fact that this provision would deem permanent resident aliens as citizens for diversity purposes, then those same constitutional limitations would likewise apply with equal force in the District Court of Guam. Why? Because Article III isn't about Article IV. Why would an Article III limitation necessarily translate to an Article IV limitation? Well, Your Honor, we don't dispute that if Congress chose, it could endow Article IV courts with diversity jurisdiction over cases between noncitizens. Article III would not limit Congress in that regard. However, in this case, that's not what Congress elected to do. Congress elected to create a uniform system of diversity jurisdiction between Article III and Article IV courts, which is made clear by the Organic Act of Guam, which gives the District Court of Guam the jurisdiction of the District Court of the United States. Thus, the District Court of Guam is able to exercise the same diversity jurisdiction as that routinely exercised under 28 U.S.C. 1332. Now, appellees do contend that because the District Court of Guam is an Article IV court, this constitutional analysis does not apply. But as I've explained, because the Organic Act of Guam gives the District Court of Guam the same jurisdiction as Article III courts, the constitutional analysis does apply. But only indirectly. It applies because of Congress's intention, as I understand your argument, to make these courts coextensive in their diversity jurisdiction with Article III courts. But it isn't a direct argument that Article III controls. It's just you're saying Congress meant to have one rule for diversity jurisdiction. Yes. And so Article III does not limit what an Article IV court can do in this case. And we do argue that Congress has created a uniform system through the express, clear terms of the Organic Act of Guam. Appellees have relied on the including but not limited to language of the statute to suggest that the District Court of Guam has some type of open-ended diversity jurisdiction in this case. However, the including but not limited to language is language commonly used to refer to items in a list, some of which are emphasized, others of which are not listed. In this case, in the Organic Act of Guam, Congress listed specifically diversity jurisdiction and bankruptcy court jurisdiction, but left off other types of jurisdiction routinely exercised by Article III courts. These include, for example, supplemental jurisdiction, removal jurisdiction, or federal question jurisdiction. These are types of jurisdiction routinely exercised by Article III courts, which are not specifically mentioned in the statute, but which are also exercised in the District Court of Guam pursuant to the Organic Act of Guam. Your Honor, I would like to reserve the remainder of my time. Yes, you may do so, counsel. We'll hear from the other side. Thank you, Your Honor. Good morning. May it please the Court, Carlos Taitano, the attorney for the Appellee Sawako Sekiguchi and Imeola. The 1988 amendment version of Section 1332A is clear, plain on its face, and will not lead to an absurd or an impractical result  In my opinion, unlike applying the 1988 amendment to an Article III District Court of the United States, there is no constitutional infirmity in applying the 1988 amendment in our case, because the District Court of Guam is not an Article III court. It's an Article III court. The jurisdiction is to be identical in all respects with the jurisdiction of a regular District Court within the United States. If Congress intended that, Your Honor, it was not the intention, Your Honor. So why not, just looking at the Organic Act, it shall have the jurisdiction of a District Court. Where do you see in the Organic Act an expression of an intention that the District Court of Guam can do more or something different than a District Court of the United States? Well, it's Congress's inherent power under Article IV, Your Honor, to do with the District Court of Guam or Guam in general, you know, whatever it wants. They could have, but what I'm asking you is where do you see text in the Organic Act that it actually meant to give the District Courts of Guam greater power than regular District Courts of the United States? Where do you see that in the text of the Organic Act? The Congress did not give the District Court of Guam greater power or jurisdiction, Your Honor. It just stated that it had diversity jurisdiction pursuant to a statute. That's it. Well, here's the thing that I'm struggling with. It appears to me that the whole point of the Organic Act as it's written is to say that the District Court of Guam can do exactly what a regular District Court can do, no more and no less. It's meant to be the same. So then when we come to the amendments, why wouldn't we have to give the same interpretation to that amendment as it would have for a District Court, which is the benchmark of the Organic Act? Well, the Supreme Court long ago interpreted the Article IV clause that case-by-case interpretation of the Organic Act as a  And the cases and controversies in the territories outside of the United States are not limited by Article III of the Constitution. What case is that, the Supreme Court? That's the Glidden Company v. Zadanek case that we cited, Your Honor. I guess that, and maybe I'm not communicating well, but to me that doesn't really answer the question, because all it says is that Congress could have, has the power to give the District Courts of Guam greater authority. But my question is, it could have, but did it? And if the Organic Act means that it has to be identical to what a District Court can do, is that the District Courts of Guam that we have to make with respect to the amendment? Well, Congress, my reading of the statute, Your Honor, if you don't mind me not answering yes or no at this point, but my reading of the statute is that Congress gave the District Court of Guam the authority of a United States District Court, but not, it does not have the same limitations of a United States District Court. If Congress intended to limit the jurisdiction of the District Court of Guam under Section 1332, it could have very well done so, similar to the way it extended provisions of the United States Constitution under Section 1421B of the Organic Act of Guam. Many of the constitutional provisions are not applicable in Guam. And Article 3 definitely is not applicable in the territory of Guam. But don't you think that shall have the diversity of jurisdiction provided by Section 1332 being the only mention of what jurisdiction the District Court in Guam has, says that is it, expressio unias, that's it? But that's the only jurisdiction, Your Honor? Let's talk about the text. Yes, Your Honor. It does not limit the District Court of Guam's jurisdiction to just diversity, Your Honor. No, no, of course it doesn't. It says it has the same jurisdiction, including diversity jurisdiction provided by 1332. But once it mentions that, isn't that the sole extent of its jurisdiction? Under the statute, Your Honor. Under the statute? Yes, Your Honor, just under the statute, without any regard to Article 3. There's no Article 3 limitation. Well, but the Article 3 limitation is always there as to a United States District Court in the 40 or 50 States. Yes, Your Honor, but according to Zidding Company v. Zadanek, cases and controversies in the unincorporated territories may be heard in territorial courts without the limitations of Article 3, Your Honor. And you think that also applies to diversity jurisdiction? Yes, Your Honor. Why? Is there a case that holds that? Well, that's the interpretation, I guess, out of Glidden Company v. Zadanek, that Congress can do whatever it wants with the territories. If it could be a case of controversy in Guam but not in San Francisco, that means that diversity in Guam is different from diversity in San Francisco? Diversity in Guam is according to how the statute, what the statute says, Your Honor. I agree. That's it. We should just refer to the statute. If Article 3, if Congress intended that the District Court of Guam would have the same diversity or same jurisdiction as an Article 3 court, it could have very easily included that provision in the statute. If you had brought this case, suppose the players were all the same players but with Hawaii jurisdiction, you brought this case in the District of Hawaii, what result? Oh, then there would be constitutional, potential constitutional problems, Your Honor, because Article 3 would apply in the District Courts of Hawaii. Okay. And then I was going to go through the second potential exception here, that there is not even any suggestion that the 1988 amendment includes any mistake in the language used. In other words, a scrivener's error. Thirdly, there is not even any suggestion that the 1988 amendment would lead to any absurd or impractical result when applied in our case. Therefore, there is no need to refer to or consider the legislative history of the 1988 amendment version of Section 1332A in our case. Upon applying the plain language construction of the 1988 amendment version of Section 1332A in our case, clearly the District Court of Guam effectively exercised diversity jurisdiction. Your Honors, unless the Court has any other questions for me, the appellees will just simply rest on their boots. No further questions. Thank you very much, sir. Thank you, Your Honors. Rebuttal. Mr. Compton. Thank you, Your Honor. We have never contended that Article III places constitutional limitations upon what an Article IV court, the District Court of Guam, may do. However ---- So you're conceding your opposing counsel's argument? Article III does not play ---- Article IV courts are not subject to the same limitations as our Article III courts. Well, isn't that his argument? No, that's ---- his argument is that the Organic Act of Guam does not apply, which it clearly does. The Organic Act of Guam somehow allows the District Court of Guam to have diversity jurisdiction in excess of that which has been prescribed to it by Congress. Congress did limit the diversity jurisdiction. But arguably, at least if I understand his argument, that's a floor, not a ceiling. And on what basis he makes that argument, I don't know. The plain, unambiguous terms of the statute are that the District Court of Guam shall have the jurisdiction of the District Court of the United States. The argument is over. Yeah, the Organic Act in different other sections gives jurisdiction that is not possessed by District Courts of the United States. For example, I think the interpretation of Guam law, and there are some other outliers in that. So really it is a statutory construction question. So did Congress intend to require that this piece of jurisdiction be coextensive with that of an Article III court? That's exactly right, Your Honor. Guam does have other types of jurisdiction not typically exercised by an Article III court. One is the Guam territorial tax. But those grants of jurisdiction have been statutorily prescribed in the Organic Act of Guam. What's your best argument that we should infer this coextensive interpretation? First, the plain language of the Organic Act of Guam mandates that the District Court of Guam have the same diversity jurisdiction as that of an Article III court. Second, it makes little sense that Congress would have created a divergent system  in essence creating a set of Article III diversity jurisdiction and Article IV jurisdiction that is potentially unbounded. Your opponent claims under the Glidden case that cases and controversies may exist in Guam which are not recognized as being cases of controversies in the other District Courts. What about that? We agree with that holding, but it's not dispositive in this case. As we've said, Article III does not place limitations upon the District Court of Guam. If Congress had endowed Article IV courts with diversity jurisdiction or cases between noncitizens, then they would be free to proceed in this case. But Congress has given the District Court of Guam the same diversity jurisdiction as that of an Article III court, the same diversity jurisdiction exercised by Article III courts pursuant to 28 U.S.C. 1332. Thank you, counsel. The case just argued will be submitted for decision. Once again, on behalf of the panel, I would like to commend the University of Arizona and its pro bono student program for a very fine presentation and participation in this case. Thank you. Thank you, counsel.
judges: O'scannlain, Graber, Bea